FILED
U.S. DISTRICT COURT

2012 JAN 10 PM 12: 12

S.D. OF N.Y.W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID SUSSMAN a/k/a MARK SUSSMAN, M.D.
SUSSMAN, on behalf of himself and all others similarly
situated,

Plaintiff,

-vs.-

I.C. SYSTEM, INC.,

Defendant.

**12 CV    0181**

**COMPLAINT**

12 CV ____    **JUDGE RAMOS**

**Class Action**

**Jury Demanded**

David Sussman a/k/a Mark Sussman, M.D. Sussman ("Plaintiff"), on behalf of himself

and all others similarly situated, for his class action Complaint alleges against Defendant I.C.

System (the "Defendant"), Inc. as follows:

## NATURE OF THE ACTION

1.       Plaintiff is bringing this action on behalf, of himself and two Classes for I.C.

System, Inc.'s violations of Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692

et seq. and New York General Business Law ("GBL") § 399-p.  In short, from on or about

October 1, 2011 to the present, in an attempt to collect a debt  for service on a home telephone

which Plaintiff did not owe, Defendant, using an automatic dialing-announcing device, has made

over 50 calls to Plaintiff's residential telephone lines, without Plaintiff's consent, which has

caused Plaintiff's telephone to ring.  I.C. System's call terminates  either prior to or as soon as

Plaintiff, someone in Plaintiff's household or Plaintiff's voice mail has answered the call.

2.       In these calls, Defendant failed to identify the name of the person making the call,

the person on whose behalf these calls were being made and the address and the telephone

number of the person on whose behalf the calls were being made.  Defendant has continued

making these calls even after Plaintiff had informed Defendant that Plaintiff did not owe

anything and asked rhe Defendant to stop harassing Plaintiff.  These calls violated the FDCPA as well as GBL § 399-p

3.        Defendant's calls violated the FDCPA, which among other things prohibits (a) attempts to collect a debt from a person who does not owe the debt; (b) a debt collector from failing to identify itself as a debt collector in calls to an alleged debtor; (c) causing a telephone to ring, with the intent to harass, annoy or abuse and (d) continuing to communicate with an alleged debtor after the alleged debtor has instructed the debt collector in writing that the alleged debtor refuses to pay an alleged debt or to cease further communications with the alleged debtor.

4.        These calls also violated and New York GBL § 399-p, which prohibits any person to place a telephone call using an automatic dialing-announcing device that does not state the address and telephone number of the person on whose behalf the call is being transmitted.  Upon information and belief, over the last three years, Defendant has made over 100,000 identical or substantially similar calls to persons in New York State.

5.        Accordingly, Plaintiff brings a class action for Defendant's violations of the FDCPA and GBL § 399-p.

## JURISDICTION AND VENUE

6.        This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

7.        This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, Plaintiff's and Class A's (defined *infra*) GBL § 399-p claims exceed the sum or value of $5,000,000, exclusive of interest and costs, involve thousands of class members and is a class action in which at least one member of the class, i.e., Plaintiff, is a citizen of a state different from Defendant.  This Court also has supplemental

jurisdiction under 28 U.S.C. § 1367 over Plaintiff's and Class A's GBL § 399-p claims.

8. Venue is this judicial district is proper under 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

9. Plaintiff is a citizen of New York State and resides in Monsey, New York, within the Southern District of New York.

10. Upon information and belief, Plaintiff is a "consumer" as that term is defined by §1692(a)(3) of the Fair Debt Collection Practices Act ("FDCPA"), in that, upon information and belief, the alleged debts that Defendant sought to collect from Plaintiff are consumer debts, incurred for personal, family or household purposes.

11. Upon information and belief, Defendant, a collection agency, is a Minnesota corporation with its principal place of business located at 44 East Highway 96, St. Paul, Minnesota 55127.

12. Upon information and belief, Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers. Defendant is therefore a "debt collector" as that term is defined by §1692(a)(6) of the FDCPA.

## STATUTORY BACKGROUND

13. The FDCPA prohibits a debt collector from making a false representation of "the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The FDCPA also prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692(e)(10). The FDCPA also prohibits a debt

collector from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

14.     In addition, the FDCPA prohibits a debt collector from failing to identify itself as a debt collector in calls to an alleged debtor, prohibits a debt collector from causing a telephone to ring, with the intent to harass, annoy or abuse, and prohibits continuing to communicate with an alleged debtor after the alleged debtor has instructed the debt collector in writing that the alleged debtor refuses to pay an alleged debt or to cease further communications with the alleged debtor. *See* 15 U.S.C. §§ 1692c(c),  1692d(5), 1692d(6), 1692e(11)

15.     The FDCPA provides for a private right of action for any violations of 15 U.S.C. §§ 1692c(c), 1692(d)(5), 1692d(6); 1692e(2)(A), 1692e(10), 1692e(11) 1692f and the plaintiff may recover, among other things, statutory damages as well as costs and attorneys fees. 15 U.S.C. §§ 1692k(a)(2)(A), 1692k(a)(3).

16.     GBL § 399-p(3) provides that "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

17.     GBL § 399-p(1)(a) defines "automatic dialing-announcing device" as "any automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator."

18.    GBL § 399-p(9) provides that any person who receives a telephone call in violation of, among other things, GBL § 399-(p)(3), may bring a cause of action to enjoin such unlawful act or practice, to recover actual damages or statutory damages of $50 for each call, whichever is greater, and for reasonable attorney's fees and costs.

## DEFENDANT'S ILLEGAL CONDUCT

19.    Upon information and belief from on or abour October 1, 2011 to the present, in an attempt to collect a debt for home telephone bills which Plaintiff did not owe, Defendant, using an automatic dialing-announcing device as defined in GBL 399-p(1)(a), placed over 50 calls to Plaintiff's residential telephone lines, without Plaintiff's consent, which caused Plaintiff's telephone to ring, and hung up either prior to or as soon as Plaintiff, members of Plaintiff's household or Plaintiff's voice mail answered the call.

20.    Upon information and belief, in these calls, Defendant failed to identify the name of the person making the call, the person on whose behalf these calls were being made and the address and the telephone number of the person on whose behalf the calls were being made. Nothing in Federal, State or local law prohibited or prohibits such disclosures.

21.    Upon information and belief, Defendant continued making these calls even after Plaintiff had informed Defendant in writing, on or about November 4, 2011, that Plaintiff did not owe anything and instructed Defendant to stop harassing Plaintiff.

22.    Upon information and belief, from three years prior to the date filing of the instant Complaint to the present, Defendant used the automatic dialing-announcing device described above to place over 100,000 calls, to thousands of persons in New York State, in which Defendant hung up either prior to or after the phone was picked up by a person or voice

mail/answering machine and/or otherwise did not communicate the address of the persons on whose behalf the calls was made. Nothing in Federal, State or local law prohibited or prohibits such a disclosure.

23.     Upon information and belief, from one year prior to the filing of the instant Complaint to the present, Defendant, in attempts to collect consumer debts, placed thousands of calls to thousands of persons in New York State, in which Defendant hung up after the phone was picked up by a person or voice mail/answering machine.

## CLASS ALLEGATIONS

24.     Plaintiff brings this class action for Defendant's violations of GBL 399-p and the FDCPA on behalf of himself and all others similarly situated under rule 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiff seek to represent two classes of individuals ("the Classes") defined as follows:

Class A:  All persons in New York State from three years prior to the filing of the instant Complaint to the present, to whom, Defendant, using an automatic dialing-announcing device as defined in GBL 399-p(1)(a) placed calls, in which Defendant hung up either prior to or as soon as the phone was picked up by a person or voice mail/answering machine and/or in which Defendant otherwise did not communicate the address of the persons on whose behalf the calls were made.

Class B: All persons in New York State to whom Defendant, in attempts to collect consumer debts, placed of calls in which Defendant hung up either prior to or as soon as the phone was picked up by a person or voice mail/answering machine.

6

26.     Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

27.     Upon information and belief each of the Classes contains at a minimum thousands of members.

28.     Upon information and belief, the Classes' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

29.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

30.     Typicality: Plaintiff's claims are typical of the claims of the members of the Classes.  The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

31.     Defendant placed a telephone call to Plaintiff and each of the members of Class A using an automatic dialing-announcing device as defined in GBL 399-p(1)(a), in which Defendant hung up after the phone was picked up by a person or voice mail/answering machine and/or in which Defendant otherwise did not communicate the address of the person on whose behalf the call was made.

32.     Defendant placed a telephone call to Plaintiff and each of the members of Class B, in attempts to collect consumer debts, in which Defendant hung up after the phone was picked up by a person or voice mail/answering machine.

33.    <u>Common Questions of Fact and Law</u>: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

34.    The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of placing a call to Plaintiff and each of the members of the Class A using an automatic dialing-announcing device, as defined in GBL 399-p(1)(a), in which Defendant hung up either before or soon after the phone was picked up by a person or voice mail/answering machine and/or in which Defendant otherwise did not communicate the address of the persons on whose behalf the calls were made, violated GBL § 399-p?

(b) Whether Plaintiff and the members of Class A are entitled to statutory damages for Defendant's acts and conduct;

(c) Whether Plaintiff and members of the Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct?; and

(d)    Whether Plaintiff and the members of Class A are entitled to the costs and attorneys fees of bringing this action under GBL § 399-p?

35.    The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of placing a call to Plaintiff and each of the members of the Class B in attempts to collect consumer debts, in which Defendant hung up either prior to or as soon as the phone was picked up by a person or voice mail/answering machine, violated 15 U.S.C. §§ 1692(d)(5), 1692d(6), 1692e(10) and/or 1692e(11)?;

(b) Whether Plaintiff and the members of Class B are entitled to statutory damages for

Defendant's acts and conduct; and

(c) Whether Plaintiff and the members of Class B are entitled to the costs and attorneys fees of bringing this action under the FDCPA?

36.     Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts and class action litigation.

37.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the

management of this action that would preclude its maintenance as a class action.

38.    Injunctive Relief: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class A, thereby making appropriate final injunctive relief with respect to Plaintiff and the Class A as a whole.

## FIRST CLAIM FOR RELIEF

39.    Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

40.    By Defendant's above-described conduct Defendant committed over 100,000 violations of GBL § 399-p(3) against Plaintiff and Class A.

41.    Accordingly, Plaintiff and Class A are entitled to statutory damages under GBL § 399-p(9) of greater than $5,000,000 and attorney's fees and costs of this action.

42.    In addition, Plaintiff and Class A are entitled to an injunction against Defendant ordering Defendant to cease its violations of GBL § 399-p.

## SECOND CLAIM FOR RELIEF

43.    Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

44.    By Defendant's above-described conduct Defendant committed thousands of violations of 15 U.S.C. §§ 1692d(5); 1692d(6), 1692e(10) and/or 1692e(11) against Plaintiff and Class B.

45.    Accordingly, Plaintiff and Class B are entitled to up to $500,000 in statutory damages provided under the FDCPA, 15 U.S.C. § 1692k plus attorney's fees and costs of this action.

## THIRD CLAIM FOR RELIEF

46.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

47.     By Defendant's above-described conduct, Defendant committed over 50 violations of 15 U.S.C. §§ 1692c(c),  1692d(5), 1692d(6), 1692e(2)(A), 1692e(10), 1692e(11), and 1692f against Plaintiff;

48.     Accordingly, Plaintiff is entitled to the maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k plus attorney's fees and costs of this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for:

A.      An order certifying the Classes and appointing Plaintiff as the representative of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.      An award to Plaintiff and the members of Class A statutory damages in excess of $5,000,000 pursuant to GBL § 399-p(9) for Defendant's violations GBL § 399-p(3)

C.      An injunction against Defendant, on behalf of Plaintiff and the members of Class A prohibiting Defendant from violating GBL § 399-p.

D.      An award to Plaintiff and the members of Class A of attorneys fees and costs incurred in bringing the portion of this action concerning the Defendant's GBL 399-p violations against Plaintiff and Class A;

E.      An award to Plaintiff and the members of class B of up to $500,000 under the FDCPA, 15 U.S.C. 1692(k), for Defendant's violations of 15 U.S.C. §§ 1692(d)(5), 1692d(6), 1692e(10) and/or 1692e(11);

F.      An award to Plaintiff and Class B of attorney's fees, litigation expenses and costs incurred in bringing the portion of this action concerning the Defendants FDCPA violations against Plaintiff and Class B.

G.      An award to Plaintiff of the maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. 1692(k), for Defendant's over 50 violations of 15 U.S.C. §§ 1692c(c),  1692d(5), 1692d(6), 1692e(2)(A), 1692e(10), 1692e(11), and 1692f;

H.      An award to Plaintiff of Attorney fees, litigation expenses and costs incurred in bringing the portion of this action concerning the Defendants FDCPA violations against Plaintiff; and

I.      Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       January 4, 2012

Respectfully submitted,

BELLIN & ASSOCIATES LLC

By:    Aytan Y. Bellin

85 Miles Avenue
White Plains, New York 10606
Tel:  (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

-and-

SCHLAM STONE & DOLAN LLP

By: _____
Jeffrey M. Eilender
26 Broadway
New York, New York 10004
Tel: (212) 344-5400
Fax: (212) 344-7677
E-mail: jme@schlamstone.com

*Attorneys for Plaintiff and the Classes*