### B. A Stay Is Warranted Pending The Outcome Of The Appeal In *Patriotic Veterans, Inc. v. Indiana*.

In the alternative, IC requests that this Court stay this case pending the outcome of the appeal in *Patriotic Veterans, Inc. v. Indiana, supra*. The Court has discretionary authority to "stay proceedings in a number of situations, includ[ing] when a higher court is about to decide a pertinent issue of law." *Fagan v. Republic of Austria*, No. 08 Civ. 6715 (LTS)(JCF), 20423338, at *4 (S.D.N.Y. May 19, 2009) (citing cases). This "authority is not limited to cases involving identical parties or issues," *id.*, and a court may, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the proceeding of the action that is to be stayed." *LaSala*, 399 F. Supp. 2d at 427. Indeed, it is wholly appropriate for a district court to stay a case "when a higher court is close to settling an important issue of law bearing on the action." *In re Literary Works in Elec. Databases Copyright Litig.*, No. MDL 1379, 2001 WL 204212, *2 (S.D.N.Y. Mar. 1, 2001).

In determining whether to issue a stay, courts generally consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice of the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *LaSala*, 399 F. Supp. 2d at 427 (citing *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

These factors all militate in favor of a stay in this Action. The issue on appeal in *Patriotic Veterans* is the identical issue raised by IC on this 1292(b) motion, *i.e.*, whether the TCPA preempts state law claims pertaining to the use of an automatic dialer.

A decision by the Seventh Circuit in *Patriotic Veterans* would almost certainly impact the proper scope of this proceeding and could significantly reduce the number of potential class members and claims at issue. As noted, the parties will be subject to an enormous burden if

forced to engage in discovery regarding claims and class members who may not properly be before this Court.

Further, a temporary stay pending the outcome of the *Patriotic Veterans* appeal would not prejudice plaintiff. *See, Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01 Civ. 1044 9RJH)(HBP), 2005 WL 912184, at *2 (S.D.N.Y. Apr. 19, 2005) (finding a stay of several months rather than of "indefinite duration" would cause little prejudice to the party opposing the stay). Rather, a stay would prevent plaintiff, who potentially lacks standing, from spending time and resources on an action from which such claims may ultimately be dismissed. *Patriotic Veterans* has been briefed and argued. Fourteen months have since elapsed. A decision can be expected shortly. Should the Seventh Circuit uphold the district court's decision regarding preemption, the scope of this case would be greatly reduced allowing for a more streamlined discovery and class certification process. Certainly, the action will proceed more "expeditiously." *LaSala*, 399 F. Supp. 2d at 427.

The interests of judicial economy, including conserving judicial resources, also weigh in favor of staying proceedings in this case pending the *Patriotic Veterans* decision. *See, In re Literary Works*, 2001 WL 204212, at *3 ("It would be an inefficient use of time and resources of the court and the parties to proceed in light of a pending U.S Supreme Court decision that all agree will significantly impact this multidistrict litigation"); *Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp.2d 423, 437-39 (S.D.N.Y. 1998) (staying proceeding at discovery stage pending decision in an independent case in another circuit court based on "[c]onsiderations of judicial efficiency"). Further, a stay would advance the Court's interest in maintaining consistency of the laws and avoiding conflicting decisions between the Courts. *Catskill Mountains Chapter of Trout Unlimited Inc. v. U.S.E.P.A.*, 630 F. Supp.2d 295, 304 (S.D.N.Y. 2009).

Finally, the interests of the persons not subject to the litigation and the public interest likewise militate in favor of a stay because "[t]here is a public interest in a prompt adjudication but also in an orderly and efficient use of judicial resources." *See Riverkeeper, Inc. v. U.S. E.P.A.*, No. 06 Civ. 12987 (PKC), 2007 WL 4208757, at *2 (S.D.N.Y. Nov. 26, 2007). Regardless of whether this Court certifies the question of law presented in this 1292(b) motion (which we respectfully submit it should), the relevant factors that courts consider in determining whether to stay an action favor staying the current proceeding until the Seventh Circuit decides the *Patriotic Veterans* appeal and settles the critical issue of law pertaining to TCPA preemption since that will directly impact the composition of the class and amount of claims at issue in this case.

## CONCLUSION

For all of the foregoing reasons, IC respectfully requests that this Court (1) certify a question of law for interlocutory appeal pursuant to 28 U.S.C. §1292(b) and (2) stay this Action pending the outcome of this motion and any appeal, or in the alternative, stay this Action pending the outcome of the *Patriotic Veterans* appeal before the Seventh Circuit

_____
KENNETH A. ELAN
*Attorney for Defendant I.C. System, Inc.*
217 Broadway – Suite 603
New York, New York 10007
Tel.: (212)619-0261
Fax: (212)385-2707